# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER ROBERTSON,<br><br>Plaintiff,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO.,<br><br>Defendant. | Case No. 17-2360-DDC-KGG |

## MEMORANDUM AND ORDER

This matter comes before the court on two motions: plaintiff's Motion to Remand (Doc. 8) and defendant's Motion for Partial Dismissal and Motion for Enlargement of Time to File Answer (Doc. 7). For reasons explains below, the court denies plaintiff's Motion to Remand because diversity jurisdiction exists under 28 U.S.C. § 1332. The court also grants defendant's Motion for Partial Dismissal and Motion for Enlargement of Time to File Answer. The court dismisses plaintiff's breach of contract claim under Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim for relief. The court also grants defendant an extension of time until **September 29, 2017,** to file an Answer to plaintiff's Complaint. The court explains these rulings in greater detail, below.

### I. Factual and Procedural Background

The following facts come from the Petition that plaintiff filed in the District Court of Johnson County, Kansas (Doc. 1-2) or defendant's Notice of Removal (Doc. 1). Plaintiff Christopher Robertson began working for defendant in June 2014. On December 16, 2014, plaintiff sprained his ankle while at work. Also, at an unidentified time, but while working for

defendant, plaintiff strained his rotator cuff.  Plaintiff reported his on-the-job injuries to his superiors.  Plaintiff also sought medical treatment for his injuries, and he collected workers compensation benefits.  On May 6, 2015, defendant terminated plaintiff's employment.

On May 6, 2017, plaintiff filed a Petition in the District Court of Johnson County, Kansas.  The Petition asserts two claims:  (1) workers compensation retaliation, and (2) breach of contract.  On June 22, 2017, defendant removed the action to our court asserting diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff is a Kansas resident.  Doc. 1-2 ¶ 1.  Defendant is a Pennsylvania corporation with its principal place of business in Willow Grove, Pennsylvania.  *Id.* ¶ 2; Doc. 1 ¶ 3.  Plaintiff's Petition seeks a judgment against defendant "in excess of $25,000.00, but not to exceed $75,000.00, for back pay, including wage increases and reimbursement of any lost fringe benefits, retirement plan benefits, pension benefits, Social Security contributions, for an award of front pay, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, for punitive damages, for pre-judgment interest, for costs and for such other and further relief as the Court may deem just and equitable."  Doc. 1-2 at 5.

After removing the case, defendant filed a Motion for Partial Dismissal and Motion for Enlargement of Time to File Answer.  Doc. 7.  Defendant's motion asks the court to dismiss plaintiff's breach of contract claim under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted.  Defendant's motion also seeks an extension of time to file its Answer.  Specifically, defendant requests a deadline coming 14 days of the court's ruling on its Motion for Partial Dismissal.

On July 24, 2017, plaintiff filed a Motion to Remand, asking the court to remand the case to the District Court of Johnson County, Kansas.  The court first considers plaintiff's Motion to Remand, below.  Because the court concludes that diversity jurisdiction exists, the court denies

2

plaintiff's Motion to Remand. The court next addresses defendant's Motion for Partial Dismissal of one of plaintiff's two claims—the breach of contract claim. For reasons explained below, the court grants defendant's motion.

## II. Plaintiff's Motion to Remand

### A. Legal Standard

"'Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction.'" *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (quoting *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)). Under 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant"). "'This jurisdictional prerequisite to removal is an absolute, non-waivable requirement.'" *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)).

Two federal statutes confer subject matter jurisdiction on federal district courts: federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332. For a federal court to have federal question jurisdiction over a lawsuit, its plaintiff must assert a "civil action[ ] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000, and complete diversity of citizenship must exist between all plaintiffs and all defendants. 28 U.S.C. § 1332(a).

**B. Analysis**

Defendant asserts that diversity jurisdiction exists under 28 U.S.C. § 1332, because: (1) the parties are diverse, and (2) the amount in controversy exceeds $75,000. Plaintiff does not dispute the first requirement because, as he concedes, plaintiff is a Kansas citizen, and defendant is a Pennsylvania citizen.[1] So, complete diversity of citizenship exists.

But, plaintiff asserts that defendant cannot establish the second requirement because the amount in controversy does not exceed the $75,000 jurisdictional requisite. "'[R]emoval . . . is proper on the basis of an amount in controversy asserted' by a defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B)). The Tenth Circuit has explained that "the term 'in controversy' has never required a party seeking to invoke federal jurisdiction to show that damages 'are greater' or will likely prove greater 'than the requisite amount' specified by statute." *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911–12 (10th Cir. 2016) (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012)). Instead, "a party seeking [to establish] federal jurisdiction [must] show only and much more modestly that 'a fact finder might legally conclude' that damages exceed the statutory amount." *Id.* at 912 (quoting *Hartis*, 694 F.3d at 944). Before the court can remand a case under this standard for falling short of the amount in controversy requirement, "'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

---

[1] A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Here, defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania. So, for diversity purposes, defendant is a Pennsylvania citizen.

Here, the court recognizes that plaintiff has limited the damages he seeks to recover in his Petition to an amount "in excess of $25,000.00, but not to exceed $75,000.00 . . . ." Doc. 1-2 at 5. But, the Petition also seeks to recover various types of damages including back pay, front pay, compensatory damages for "emotional pain and suffering," and punitive damages. *Id.* As defendant correctly explains, a reasonable fact finder could conclude that the types of damages plaintiff seeks to recover exceed the necessary jurisdictional amount in controversy.

Although defendant denies that plaintiff is entitled to any economic damages, it asserts that plaintiff's potential economic damages alone exceed the $75,000 jurisdictional threshold. One of the types of damages sought by plaintiff's Petition is back pay. When plaintiff's employment ended on May 6, 2015, he was earning $12.12 per hour in a full-time position of 40 hours a week. Doc. 1-2 (Declaration of George D. Licci, defendant's Chief Administrative Officer). If the court assumed—conservatively—that the case proceeded to trial one year from the filing of the Notice of Removal, the trial would commence on June 22, 2018. If plaintiff prevailed in that trial, the jury could award him more than three years of back wages, or $79,022.40.[2] This amount alone exceeds the $75,000 amount-in-controversy requirement.

Plaintiff's Petition also seeks front pay. The Petition does not identify the quantity of front pay plaintiff seeks, but the court finds that a two-year award of front pay is a reasonable estimate based on other front pay awards approved by our Circuit and our court. *See*, *e.g.*, *Jackson v. City of Albuquerque*, 890 F.2d 225, 235 (10th Cir. 1989) (affirming a two-year front pay award for a plaintiff in a wrongful termination case); *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1278 (D. Kan. 2016) (finding that three years was an appropriate front pay award in a discrimination case); *Baty v. Willamette Indus., Inc.*, 985 F.

---

[2] Defendant calculates this amount using plaintiff's hourly rate of pay at the time of his termination of employment at 40 hours per week (163 weeks * 40 hours per week * $12.12 per hour = $79,022.40).

Supp. 987, 1001 (D. Kan. 1997) (awarding five years of front pay in a retaliatory discharge case). A two-year front pay award would amount to at least $50,419.20.[3]

Plaintiff's Petition also seeks compensatory damages for emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life . . . ." Doc. 1-2 at 5. The court finds that $25,000 is a reasonable estimate of compensatory damages that plaintiff could recover if he prevailed at trial in this case. That amount is consistent with other compensatory damage awards approved by our court. *See*, *e.g.*, *Mathiason*, 187 F. Supp. 3d at 1279 (finding appropriate a $25,000 compensatory damage award in a constructive discharge case); *Daneshvar v. Graphic Tech., Inc.*, 40 F. Supp. 2d 1225, 1240 (D. Kan. 1998) (concluding that a $25,000 compensatory damage award was appropriate to compensate plaintiff for his emotional distress after defendant wrongfully discharged him).

Plaintiff's Petition also seeks punitive damages. The court concludes that plaintiff reasonably could recover a punitive damages award of $50,000. That amount is consistent with other punitive damages awards approved by our Circuit and our court in wrongful termination cases. *See*, *e.g.*, *Malik v. Apex Int'l Alloys, Inc.*, 762 F.2d 77, 79–80 (10th Cir. 1985) (affirming $75,000 punitive damages award to a plaintiff who alleged defendant had terminated his employment as retaliation for filing a workers compensation claim); *Daneshvar*, 40 F. Supp. 2d at 1241–42 (concluding in a retaliatory discharge case that a $50,000 punitive damages award was "appropriate and necessary to deter future retaliatory conduct on the part of defendant").

When the court considers the total amount of damages that plaintiff could recover for the types of damages he seeks explicitly in his Petition, the amount in controversy exceeds $200,000—an amount well-above the jurisdictional requirement. The court thus concludes that

---

[3] Defendant calculates this amount using plaintiff's hourly rate of pay at the time of his termination of employment at 40 hours per week (104 weeks * 40 hours per week * $12.12 per hour = $50,419.20).

defendant has established, by the preponderance of the evidence, that a fact finder legally might conclude that plaintiff's asserted damages exceed the amount-in-controversy requirement.

The court recognizes that plaintiff's Petition presents something of an ambiguity. On one hand, it asks for a judgment greater than $25,000 "but not to exceed $75,000.00 . . . ." Doc. 1-2 at 5. But on the other hand, it follows this demand with a series of other forms of relief it demands explicitly. *Id.* They include:

> back pay, including wage increases and reimbursement of any lost fringe benefits, retirement plan benefits, pension benefits, Social Security contributions, for an award of front pay, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, for punitive damages, for pre-judgment interest, for costs and for such other and further relief as the Court may deem just and equitable.

*Id.* As the court has calculated above, an award including relief in these forms easily could exceed the $75,000 required by 28 U.S.C. § 1332. The ambiguity, of course, is whether plaintiff seeks a total recovery under the $75,000 mark or, instead, he seeks a "judgment . . . not to exceed $75,000" and also the other components of relief his prayer explicitly demands. The court concludes that plaintiff intended his Complaint to seek the latter. Doc. 1-2 at 5. After all, he joined the components of this series of relief he seeks by using the word "and." *Id.*

Also, when the amount-in-controversy is ambiguous at removal, the court may consider a plaintiff's post-removal affidavit or stipulation expressly limiting the amount of damages sought to one less than the $75,000 jurisdictional requisite, thereby establishing unequivocally that the amount in controversy is not satisfied. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (explaining that a court may consider post-removal affidavits to determine the amount in controversy but only when the basis for jurisdiction is ambiguous, but affirming district court's denial of motion to remand because plaintiff's "post-removal affidavit and stipulation for damages less than $75,000 . . . did not divest the district court's jurisdiction" when

7

"it was facially apparent that Plaintiff's claimed damages exceeded $75,000"); *Meyer v. Union Pac. R.R. Co.*, No. 16-1205-JTM-TJJ, 2016 WL 4440452, at *1 (D. Kan. Aug. 23, 2016) (remanding case when plaintiff's petition sought damages "in an amount less than $75,000" and plaintiff stipulated that he was seeking less than the jurisdictional amount-in-controversy requirement). But here, plaintiff has not submitted any affidavit or offered any stipulation expressly limiting the damages he seeks to recover.

Indeed, plaintiff had an opportunity to disclaim that he was seeking damages in excess of $75,000 in his response, but he did not do so. Instead, in response to defendant's detailed proffer that the jurisdictional requirements are satisfied here, plaintiff submits nothing to show "'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Hammond*, 844 F.3d at 912 (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289); *see also Zee Med., Inc. v. Miller*, 122 F. App'x 941, 943 (10th Cir. 2004) (holding that the amount in controversy was satisfied "[g]iven the extensive claims made by [plaintiff] in its complaint and the remedies available under those claims, it cannot be said with legal certainty that [plaintiff] would recover less than $75,000 if it prevails in this matter"). The court also finds that nothing establishes here that plaintiff's claim really is for less than $75,000. The court finds that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied. Subject matter jurisdiction exists, and the court thus denies plaintiff's Motion for Remand.

### III. Defendant's Motion for Partial Dismissal

On June 29, 2017, defendant filed a Motion for Partial Dismissal and Motion for Enlargement of Time to File Answer. Under our court's local rules, plaintiff's response to the motion "must be filed or served within 21 days," or by July 20, 2017. D. Kan. Rule 6.1(d)(2). Plaintiff never has filed a response. And the time for responding has long passed.

Under D. Kan. Rule 7.4(b), a party "who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum." The rule also provides that "if a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. Rule 7.4(b). Because plaintiff never has responded to defendant's Motion for Partial Dismissal, the court considers the motion an uncontested one. The court thus grants defendant's Motion for Partial Dismissal for this reason and the reasons explained below.

### A. Rule 12(b)(6) Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a Complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." While the requirements do not demand "detailed factual allegations," the Complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a motion to dismiss, the Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the pleadings contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" by the plaintiff. *Id.* (citing *Twombly*, 550 U.S. at 556). This standard requires that the Complaint "must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Carter v.*

*United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk*, *LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the court must assume that the factual allegations in the complaint are true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

### B. Analysis

Defendant asserts that plaintiff's breach of contract claim fails as a matter of law. Plaintiff's Petition alleges that he had "an at will employment contract with the Defendant." Doc. 1-2 ¶ 29. And, it alleges that defendant breached "the employment at will contract" "by terminating the Plaintiff in retaliation for filing a worker's compensation claim." *Id.* ¶ 31. But, in Kansas, "the employment-at-will doctrine . . . holds that employees and employers may terminate an employment relationship at any time for any reason . . . ." *Campbell v. Husky Hogs, LLC*, 255 P.3d 1, 3 (Kan. 2011) (citing *Morriss v. Coleman Co.*, 738 P.2d 841, 847 (Kan. 1987)). So, if plaintiff had an at-will employment contract with defendant, as he alleges, defendant cannot incur liability for breaching such a contract because the employment at-will doctrine authorized defendant to terminate plaintiff's employment at any time for any reason.

But the court recognizes that exceptions exist to the at-will employment doctrine in Kansas. One exception arises when "there is an express or implied contract governing the employment's duration." *Id.* at 3 (citing *Morriss*, 738 P.2d at 847). The Kansas Supreme Court has provided the following guidance for courts to consider when determining whether an implied contract exists governing the employment relationship:

> Where it is alleged that an employment contract is one to be based upon the theory of 'implied in fact,' the understanding and intent of the parties is to be ascertained from several factors which include written or oral negotiations, the conduct of the parties from the commencement of the employment relationship, the usages of the business, the situation and objective of the parties giving rise to the relationship, the nature of the employment, and any other circumstances surrounding the employment relationship which would tend to explain or make clear the intention of the parties at the time said employment commenced.

*Morriss*, 738 P.2d Syl. ¶ 1.

Here, plaintiff's Petition makes just one, wholly conclusory assertion that "[i]mplied in the [at will employment] contract was that no employee would be terminated absent good cause." Doc. 1-2 ¶ 30. But, plaintiff alleges no facts to support the legal conclusion that he had an implied in fact employment contract that prevented defendant from terminating his employment on an at-will basis. Plaintiff never alleges any facts capable of supporting a favorable finding or inference on the factors that the Kansas courts consider when determining whether an implied in fact employment exists. More specifically, he never alleges anything about the parties' conduct, the usages of the business, the nature of the employment, or any other circumstances that would make clear the intention of the parties to create an implied in fact employment contract between plaintiff and defendant. Without alleging any facts to support an implied in fact employment contract, plaintiff has failed to state a claim for breach of contract under Kansas law. The court thus dismisses this claim.

**IV.  Conclusion**

For the reasons explained, the court has diversity jurisdiction over this lawsuit under 28 U.S.C. § 1332. Subject matter jurisdiction thus exists in this case. And, the court denies plaintiff's Motion to Remand.

The court also grants defendant's Motion for Partial Dismissal and Motion for Enlargement of Time to File Answer. The court dismisses plaintiff's breach of contract claim

under Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim for relief.  The court also grants defendant an extension of time until **September 29, 2017,** to file an Answer to plaintiff's Complaint.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Remand (Doc. 8) is denied.

**IT IS FURHER ORDERED THAT** defendant's Motion for Partial Dismissal and Motion for Enlargement of Time to File Answer (Doc. 7) is granted.

**IT IS SO ORDERED.**

**Dated this 15th day of September, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**